### YOUNG et al. v. HENDERSON et al.

No. 19733. Opinion Filed Nov. 11, 1930.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for plaintiffs in error.

Wm. M. Franklin, J. A. Bass, H. A. Hicks, and Thomas W. Champion, for defendants in error.

ANDREWS, J. This is an appeal from an order of the district court of Carter county taxing to the estate the costs of an unsuccessful proceeding to revoke the probate of a will.

The governing statute is section 1120, C. O. S. 1921, which reads as follows:

"The fees and expenses must be paid by the party contesting the validity or probate of the will, if the will in probate be confirmed. If the probate be annulled and revoked, the costs must be paid by the party who resisted the revocation, or out of the property of the decedent, as the court directs."

The probate of the will in question was confirmed. The costs were chargeable to the parties contesting the probate thereof and not to the estate.

It is urged that, inasmuch as Lou (Mattie Louise) Franklin was not given notice of the filing of the case-made in the office of the court clerk, the appeal should be dismissed. She was not one of the parties contesting the validity or probate of the will, and for that reason could not be liable for the costs. None of her rights would be affected by a reversal of the cause, and no notice to her was necessary.

The judgment is reversed, and the cause is remanded to the district court of Carter county, with directions to tax the costs of the proceeding, including the costs of this appeal, to the parties contesting the validity or probate of the will.

MASON, C. J., and CLARK, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HUNT, RILEY, and HEFNER, JJ., absent.